UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,

                - against -                      08 CV 2420/06-CR-82 (DGT)

MAYER VAKNIN,

                      Petitioner.
-----------------------------------------------------X

### PETITIONER'S MOTION FOR BAIL DURING THE PENDENCY OF HIS 2255 PETITION CORRECTED WITH ALL PAGES

      COMES NOW Mayer Vaknin, Petitioner herein, and through his counsel, Inga L. Parsons, and hereby moves this Court for Bail During the Pendency of His 2255 Petition as follows:

      Petitioner filed his initial habeas petition on September, 2007. There were subsequent submissions from both sides plus two "oral argument" sessions were held in January and April 2009. It has been eight months since the final major submission. It has been more than eight weeks since the last supplemental submission which was the affidavit of Harold Pokel, former attorney who had first hand knowledge of essential facts and events and was finally located.

      Petitioner is concerned that given his guidelines calculations 21-27 months (which were the same guidelines used in the lead co-defendant's case who was actually involved in the handset fraud and with a higher criminal history level, *see* Rodriguez Sent. Tr. at

1

2.) Petitioner has already served 36 months—which he is actually a sentence higher than 36 months because of good time.  An inordinate amount of time has now passed. *See LaFrance vs. Bohlinger*, 487 F.2d 506, 507  (1st Cir  1973) (release pending appeal approved because petitioner "had served much, possibly most of his sentence" and "requiring him to serve --- more--- would be too harsh")  Put simply, Petitioner is already serving more time than set forth in the top end of his guidelines which was the guidelines the government conceded applied to the co-defendant.  For a detailed review of those guidelines, the Court is referred to the Affidavit of John Mitchell submitted previously in response to Your Honor's inquiry as to what the guidelines range would be if Counts12 and 23 were eliminated.

Federal district courts have inherent power to admit applicants to bail pending the decision of their 2255 cases.  *See* Rule 23 F.R.App.P.; *Mapp v Reno*, 241 F.3d 221, 226 (2d Cir. 2001);  *Ostrer v. U.S.*, 584 F.2d 594, 596  (2d Cir. 1978); *see also Elkimya v. Department of Homeland Security*, 484 F.2d 151, 153-4 (2d Cir. 2007) ("Permitting detained individuals to file motions for bail pending this Court's consideration of their petitions for review is the most streamlined and efficient manner of exercising our 'inherent authority to admit to bail individuals properly within [our] jurisdiction.'") (Citations omitted).  A federal court's authority to release a prisoner on recognizance or surety in the course of a habeas proceeding derives from the power to issue the writ itself and thereby regulate the government's exercise of custody over its citizens. *See Ostrer* 584 F.2d at 596.  As the Court in *Ostrer* noted, "[t]he district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Id*. at n. 1.  Under *Ostrer*, it is "necessary to

2

inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." *Id*. at 599 (Citations omitted).

Although the Second Circuit has held that a habeas petitioner should be granted bail only in "unusual cases," *see Argro v. United States*, 505 F.2d 1374, 1377-78 (2d Cir. 1974), or when "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective," and there exists a substantial question, *Ostrer,* 584 F.2d at 596*,* Petitioner's situation is such that it meets this criteria. Importantly, the fact that the government has conceded that guideline range with the arguably more culpable co-defendant of 21-27 months and Petitioner's claims present a "substantial question" as to the involuntariness of his plea due to the Brady violation and the ineffectiveness of his counsel this is indeed an extraordinary and unusual case justifying bail. *See also, LaFrance v. Bohlinger*, 487 F.2d  506, 507  (1st Cir  1973) (denying stay pending appeal of habeas petition, but permitting appellant to file a bond for bail pending that appeal).

There is no risk that Petitioner would flee.  Given the time already served and given the posting of a reasonable surety and any other conditions imposed by the  Court can provide further assurances of such.   Moreover, the government is not prejudiced because if Petitioner's claims are denied, Petitioner would resurrender and simply finish out the remainder of his sentence.   In fact, in *Ostrer*, the Court ultimately denied bail because it was seen as a dilatory tactic to avoid having to surrender to custody.  Here, the Petitioner has been in custody for three years; nearly an entire year past the high end of the guidelines conceded by the government in the co-defendant's case (before the

application of cooperation it should be noted).  As a result, bail in this case is necessary to avoid an injustice.

    WHEREFORE Petitioner respectfully requests that the Court grant bail upon any conditions that the Court deems appropriate pending the outcome of the Petitioner's 2255 Petition before the Court.

Dated:    Marblehead, Massachusetts
        June 1, 2010

/s/_____
**Inga L. Parsons (ip8889)**
5 Bessom Street, No. 234
Marblehead, MA  01945
781-581-2262

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Corrected Documents was served on the 1st day of June, 2010, upon the following by notice of electronic filing:

**Rachel Nash, Esq.**
United States Attorneys Office
One Pierrepont Plaza
Brooklyn, NY 11201
718-254-7000
Fax: 718-254-6481
Email: Rachel.Nash@usdoj.gov

/s/_____
        Inga L. Parsons