DECLARATION OF MAYER VAKNIN

I, Mayer Vaknin, Petitioner in the above-referenced case, do hereby submit this declaration in response to the government's letter regarding my request for bail and 2255 petition, under the penalties of perjury pursuant to 28 U.S.C. 1746, as follows:

1. Your honor I feel compelled to personally relay some issues of importance especially given that I am not permitted to be present at the hearing in this matter.

2. For over three years I have had to deal with being charged with my co defendants' crime which carried a loss to T-Mobile of $761,000. This was the very scheme that was carried behind my back and originated the investigation on September 5, 2005.  Please allow me to respond to the government's claim that I somehow should still be responsible for losses and a crime of which I knew nothing about.

3. The government states in their objections to the bail pending request that I "was aware that Patrick Rodriguez, Kinda George and others were selling customer information without my knowledge".  Thus the government did not fail in their obligation to disclose this material.

4. The government takes the position that they are not responsible for a "Brady" violation due to the fact that I had this favorable information before accepting the plea agreement  and that I therefore had the opportunity to use this information for my benefit. But rather than sitting back and doing nothing, I immediately conferred with my then attorney, Harold Pokel about this.  His affidavit which has been submitted to the Court, confirms that he brought this information to the prosecutor, Mr. Rabkin, with the intention of clarifying the charges and my actual responsibilities so as to prepare for a more accurate plea  agreement.

5. The record shows that, unequivocally,  I had no involvement in the activity of the Cellular Island handset fraud.  Rabkin wrongfully convinced my lawyers, including Mr. Pokel, and myself that I was guilty of the handset fraud.   It was this misleading information that directly led me to sign the plea agreement which mistakenly included the handset fraud count and loss figures. After reviewing the 302 material well after the plea was taken, Mr. Pokel believed he should have not recommended I accept the offer as he stated in his affidavit.

6. This additional "proof"  that is now put forward  by the government with the purpose of showing that I was involved in my sales persons  handset fraud  activity  is a statement  of Jenille St. Rose. The government claims that we manipulated Ms. St. Rose's statements is false. Her statements clearly prove that I had no involvement with my employees' actions that ultimately caused all of the proven loss T-mobile suffered due to the handset fraud. What's more is that my actions regarding the sale of information was done a full year prior to the employees' secretive actions.  In addition even St. Rose herself states my sale was of NON cellular island customers that was found on a disc

containing customer information of an entirely different retail location.  This also separates me from my employees' actions whose conspiracy pertained strictly to the sale of only Cellular Island customers.

7. Ms. St. Rose admits that she knew of her co workers' secretive sale of Cellular Island customer information with connection to the handset scheme and that I knew nothing of it. Ms. St. Rose was not in any way a part of any conversation I had with the buyer of the non-Cellular Island customer information from the disc, as it was agreed to be done solely for cash and nothing more.  Her assessment of what my intent for selling this information is inaccurate. Mr. Pokel acknowledges that in the proffer hearings I was adamant in stating my sale of a few customer information was done strictly for cash and nothing more. My statements were deemed truthful by the government. Most importantly there was never proof the information on the disc that was sold was ever used at all, and that there is not one penny proven to be lost by anyone due to these sales. Count twelve is a mail fraud count and it is clear my sale of a few non Cellular Island customer a year from the disc I purchased before never involved any mail delivery whatsoever.

8.  Importantly, there is absolutely no evidence anywhere that I was further involved in the use of that information for the purchase of phones, resale, etc.   My activity in selling a few customers' information was not part of any conspiracy with my co defendants or anyone else and did not continue after each of those few sales were complete.

9.  It should be apparent from all of my submissions that the only reason that I agreed to the subject plea was based on the mistaken belief of myself and my lawyers that  Mr. Rabkin had the defining proof that I was somehow  guilty and responsible for the charged handset fraud which resulted in the $741,000 loss T-mobile claimed to have endured.

10. Because I trusted my lawyers (who received false information from the government) I unnecessarily forfeited all of my assets. (I believed at the time forfeiture to be restitution) since that time my family (due to this stressful event my wife eventually left me) has been struggling to find a way to finance my legal fees.

11.  I pray that given that I am not responsible for the handset fraud charge plus with my zero criminal history standing and having already served 38 months that if your honor does not vacate the plea in its entirety, that I be effectually resentenced to a sentence within the 21-27 months or even time served.

_____
MAYER VAKNIN